**Ray M. HARDING, Plaintiff and Respondent,**

v.

**ALPINE CITY, Defendant and Appellant.**

**No. 18031.**

Supreme Court of Utah.

Nov. 16, 1982.

John C. Backlund, Provo, for defendant and appellant.

Ray M. Harding, pro se.

PER CURIAM:

Alpine City adopted an ordinance requiring mandatory sewer connection of all buildings located on property within 500 feet of an existing sewer line. Plaintiff's property is located more than 300 feet from an existing sewer line, but within 500 feet. In accordance with the ordinance, Alpine City assessed plaintiff a connection fee of $1,500, which plaintiff refused to pay. Instead, he challenged the ordinance by bringing this action, praying for a declaratory judgment that the ordinance is invalid. The district court granted summary judgment in plaintiff's favor, finding that the City's enactment of the ordinance was an ultra vires act. Alpine City appeals.

The City contends that its ordinance was enacted pursuant to its general police power under U.C.A., 1953, § 10–8–84, and is valid unless found to be unreasonable or arbitrary in its application. The City relies on *State v. Hutchinson,* Utah, 624 P.2d 1116 (1980), in which this Court abandoned its previous rule of strictly construing those statutes by which the legislature delegates powers to counties and municipalities. The

City argues that the reasonableness of its ordinance constitutes a material fact which is in dispute, and that the district court erred in granting summary judgment without taking evidence concerning this issue of fact.

Plaintiff does not question the City's assertion that the establishment of a sewer system is within its powers, but argues that where charges for connections are involved, the legislature has specifically limited the powers of cities by U.C.A., 1953, § 10–8–38. That section provides:

Any city or town may, for the purpose of defraying the cost of construction, reconstruction, maintenance or operation of any sewer system or sewage treatment plant, provide for mandatory hookup where the sewer is available and within 300 feet of any property line with any building used for human occupancy and make a reasonable charge for the use thereof.

The City takes the position that the legislature, by use of the word "may" in the statute, intended that this power be permissive, and did not intend a limitation on cities' powers. Plaintiff responds that the word "may" merely grants discretion to cities to require or not to require a sewer hookup within the 300-foot limit. In *State v. Hutchinson supra,* we noted:

There are ample safeguards against any abuse of power at the local level. Local governments, as subdivisions of the State, exercise those powers granted to them by the State Legislature, [citing cases] and the exercise of a delegated power is subject to the limitations imposed by state statutes and state and federal constitutions. [P. 1121.]

We find that the statute limits the City's powers, for, as plaintiff points out, if the City were permitted to reach beyond 300 feet the words "300 feet" in the statute would have no meaning. The enactment of an ordinance requiring sewer hookups from all properties lying within 500 feet of a sewer line is clearly beyond the City's pow-ers, and the judgment of the district court is affirmed.

No costs awarded.

STEWART, J., concurs in the result.